UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL JEROME LEE,

v.                          Case No. 8:93-cr-232-T-17EAJ
                                 8:05-cv-1119-T-17EAJ

UNITED STATES OF AMERICA.

---

O R D E R

This cause is before the Court on Darryl Jerome Lee's 28 U.S.C. § 2254 motion to vacate, set aside, or correct an allegedly illegal sentence (Civ- Doc. 1; Cr-Doc 21) and the Government's response to the motion. (Civ-Doc. 8). Lee did not file a reply to the response.

BACKGROUND

After Lee pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), on March 23, 1994, this Court sentenced Lee to one hundred months of incarceration followed by four years of supervised release. See Attachment A, Judgment in a Criminal Case. On December 15, 2004, this Court found that Darryl Jerome Lee had violated the terms of his supervised release, revoked the order of supervised release, and sentenced Lee to a thirty-three month term of

incarceration followed by one year of supervised release. Cr-Doc. 19. Lee did not file an appeal of that Order. Entire Cr-Doc. On June 15, 2005, Lee timely filed in this case a motion under 28 U.S.C. § 2255. Civ-Doc. 1. This Court ordered the Government to respond to Lee's motion on or before August 10, 2005. Civ-Docs. 2, 7.

## ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL IN REVOCATION OF SUPERVISED RELEASE PROCEEDINGS CANNOT SUPPORT A CLAIM UNDER 28 U.S.C. § 2255

Lee contends that the sentence imposed upon revocation of supervised release should be set aside due to ineffective assistance of counsel, specifically that his attorney: (1) failed to appeal this Court's order; (2) failed to object to this Court "imposing a sentence above the maximum penalty of a Class C violation of Supervised Release[;]" (3) failed to object to "Lee's sentence being boosted under the guidelines of facts that were not found beyond a reasonable doubt as instructed by *Apprendi & Blakely*[;]" and (4) failed to object that "in light of *Apprendi and Blakely* the sentencing guidelines were only advisory and not mandatory."

Pursuant to the Sixth Amendment, a defendant in a criminal proceeding is entitled to the assistance of counsel at all critical stages of the proceeding against him. *United States v. Wade*, 388 U.S. 218, 226 (1967). Critical stages include steps in the proceedings in which the accused is confronted by the procedural system or the prosecutor or both, *United States v. Gouveia*, 467 U.S. 180, 189 (1984), and when available defenses may be lost irretrievably. *Hamilton v. Alabama*, 368 U.S. 52, 54

(1961). In *Gagnon v. Scarpelli*, 411 U.S. 778, 787-88 (1973), however, the United States Supreme Court held that a proceeding relating to the revocation of probation is not a "stage" in a criminal prosecution and, consequently, a defendant has no Sixth Amendment constitutional right to the assistance of counsel at such proceedings. *Accord Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979) ("there is no right to counsel at a probation revocation hearing"); *see also United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir. 1994) ("Probation revocation . . . is not a stage of a criminal prosecution.")

The same principles apply to proceedings on revocation of supervised release as applied to revocation of probation. *United States v. Frazier*, 26 F.3d 110, 113-114 (11th Cir. 1994) ("[W]e find no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release."); *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) ("The same protections granted those facing revocation of parole are required for those facing the revocation of supervised release."). Thus, a defendant is not entitled to counsel in proceedings on revocation of supervised release. *United States v. Pelensky*, 129 F.3d 63, 68 n.8 (2d Cir. 1997) ("Among the fundamental constitutional protections that do not apply in the context of supervised release revocation proceedings [is] the right to counsel."). Because Lee was not entitled to counsel at all in his revocation proceedings, *see id.*, he can not obtain relief based upon his ineffective assistance of counsel claims, *see*

*United States v. Allgood*, 48 F. Supp. 2d 554, 560 (E.D. Va. 1999) ("because there is no constitutional right to counsel on appeal from revocation of supervised release, or even at the revocation hearing itself, there could be no ineffective assistance of counsel claim based on counsel's failure to file an appeal."); *United States v. Drew*, 2 F. Supp. 2d 781, 783 (E.D. Va. 1998) ("Since defendant had no constitutional right to counsel on appeal from his revocation hearing, he could not be deprived of effective assistance by counsel's failure to file an appeal."); *Borrego v. United States*, 975 F. Supp. 520, 523 (S.D. N.Y. 1997) ("It follows that no right to counsel attaches to an appeal of a supervised release revocation hearing. Lee, therefore, cannot raise an ineffectiveness claim based on counsel's performance at a proceeding at which he had no guaranteed right to counsel."). Therefore, Lee's motion to vacate has no merit.

Accordingly, the Court orders:

That Lee's motion to vacate (Civ- Doc. 1; Cr-Doc. 21) is denied, with prejudice. The Clerk is directed to enter judgment against Lee in the civil case and to close that case.

IT IS FURTHER ORDERED that Lee is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a

constitutional right." Id. at § 2253(c)(2). To make such a showing, Lee "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Lee has not made the requisite showing in these circumstances.

Finally, because Lee is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 31, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Judy Hunt
Pro Se: Darryl Jerome Lee